ANN DRISCOLL, ADMINISTRATRIX, &c., OF CORNELIUS DRISCOLL, DECEASED, RESPONDENT, *v.* THE NEWARK AND ROSENDALE LIME AND CEMENT COMPANY, APPELLANTS.

*Nonsuit—Negligence—Facts for the Jury to determine.*

Where Plaintiff's intestate was killed by a stone hurled by a blast of rocks on Defendant's premises while intestate was crossing the same by a footpath in use for many years,—held, that he was not a trespasser on said premises, and was not to be deemed guilty of negligence for crossing said premises according to his daily custom for many years.

Held, that although the throwing of the stone by the blast, by means of which the intestate was killed, was quite unusual, yet the known possibility of such an event imposed on the Defendant the duty of warning all persons within reach of danger, that they might seek a place of safety at the time of discharging the blast.

WOODRUFF, J.—The intestate was not a trespasser, whether killed when he was on the Defendants' land, or on the land whereof the fee belonged to his employers. The habitual use of the footpath across the quarry lots for many years, without objection, warrants a finding of license from the Defendants to cross their land to go to his house. Indeed, if no such license is to be inferred, the Judge could not, upon the evidence, have nonsuited on an assumption that the intestate was on the Defendants' land when hit. That is in great doubt upon the evidence; and if Defendants wished the question to be submitted to the jury, it was probably left to them, as the charge is not given in the case, and no exception was taken thereto.

When picked up, it would seem most probable that he was not on the Defendants' land; and if they deemed it material, it was for them to prove that he was there when struck by the flying stone.

The only other grounds for nonsuit were : First, whether it

was negligence in the intestate to be where he was at the time when he was injured.   Second, whether the Defendants were guilty of negligence in the conduct of their business on their own premises, and where they had a right to carry it on.

They are certainly not liable on the mere fact that the stone was thrown on to the land which, for the purpose of quarrying, they had purchased from the Lawrence Company.   Their deed from that company contemplated the continuance of their business, and if guilty of no negligence the Defendants would not be liable.

That the intestate was himself guilty of negligence was not so clearly established that the Judge was warranted in withdrawing the case from the jury *upon that ground.*

He was going to his dinner, as for years he had been accustomed to do.   This long-continued habit was, presumptively, with the knowledge and consent of the Defendants.   The Court could not say that, in using the footpath, he needlessly selected a route of danger which per se amounted to negligence.   Only when blasts were discharged was there any danger at all.   If it was doubtful whether going home at the hour when it was usual for men to leave work for dinner, and going by his accustomed route when the bell announced to the men the proper time, was negligent in view of the fact that at or about that time the Defendants were in the habit of setting off blasts, then it was proper to submit the question to the jury

Carolus *v.* The Mayor (6 Bos. 15) bears no clear analogy to this case.   There the Defendants, being lawfully engaged in repairing a public avenue, the repair of which necessarily obstructed passing, and having provided a convenient passage around the obstruction, were not held liable for an injury resulting from the Plaintiff rejecting such passage, and recklessly attempting to travel along a bank or elevation not intended to be used as a path, dangerous to be so used, and which the Defendants neither intended nor knew to be so used.

If there be doubt whether the Plaintiff should have been nonsuited, it arises on the question whether the Defendants were

proved guilty of any negligence. The evidence warranted their insisting, with much force, that they were prosecuting their business in a lawful and proper manner on their own land.

They were discharging their blasts at the hour in the day which had long been customary.

The blast which caused the injury was forty feet below the surface, and the forcing of stones to a considerable distance out of the excavation was not to be ordinarily expected.

Blasts of that description, called sand-blasts, are intended to open the crack or fissure in which the powder is placed, and divide the rock or stone, throwing it down, and ordinarily does nothing more. It is only when some unknown defect exists that there is an explosion causing any considerable damage.

They therefore had no reason to anticipate any such effect as resulted on the occasion in question.

No danger was anticipated by the men employed in the work, except in its immediate vicinity. To those in the vicinity actual notice was given. But, on the other hand, the claim is also urged that such blasts do sometimes produce more violent effects; and in the use of powder for such purposes, such occurrences, though from unseen defects, will be guarded against by men of ordinary prudence; and that it is but a slight measure of precaution against injury to give notice in season to persons who may reasonably be expected to be within range of such explosion.

The hour selected was not while the men were at dinner; but at the very moment when (the bell having just before been struck to notify them of the dinner-hour) it was to be expected the intestate would be passing.

It was at least due to whoever was lawfully within reach, to look and see if persons were near, and if so to warn them.

But in truth notice was not given in season to enable the intestate to reach a point of safety, even upon the evidence most favorable to the Defendants.

Whatever doubt I might entertain on the whole proofs, I am clear that under the circumstances it was proper to submit these

questions of fact to the jury, and therefore that the motion for a nonsuit was properly denied.

The judgment should be affirmed.

All concur.

Affirmed.

JOEL TIFFANY,
State Reporter.