NANCY SUTTON, ADMINISTRATRIX, ETC., RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Railroad Co. — negligence.*

When the evidence shows that a railroad company permitted people to acquire the habit of crossing its track frequently at a certain place, the company is not at liberty to allow cars to run over that portion of the track without any one to control them.

APPEAL from a judgment entered at the Rensselaer Circuit in favor of the plaintiff, for damages sustained in consequence of the killing, by the defendant, of the plaintiff's intestate, William C. Sutton.

The Troy and Greenbush branch of the defendant's road, as it enters the city of Troy, passes a short distance from the east bank of the Hudson river. Upon that east bank, and between the railroad and the river, are situated the foundry and stove works of Fuller, Warren & Co. The plaintiff's intestate, William C. Sutton, at the time of the accident by which he was killed, was employed in the carpenter shop connected with the foundry. It was

proved by several witnesses, that, for a long time prior to the accident, the employes of the foundry were in the habit of crossing the railroad track, at a point opposite this carpenter shop. That from the carpenter shop across the track is a regular beaten path. There are two tracks in front of the carpenter shop where the accident took place. At the same place there is a slight grade descending to the south. Just before the accident occurred, a train of ten cars backed up on the west track. Just before reaching the carpenter shop, five of these cars were disconnected, and the locomotive, with the other five, gave the five disconnected cars a " shove " or " kick," which sent them north so far that the south car was above or north of the door of the carpenter shop.

Just about the time these five disconnected cars stopped above the carpenter shop, Sutton started out of the shop with a pail on his arm, to go for some water to a well on the other side of the track. As he went down from the door of the shop, these five cars passed him going north. He waited till they had gone by and had stopped. He then attempted to cross the track, and actually crossed the west track to the space between the two. Just then a train backed up from the south on the east track. To avoid this, Sutton stepped back on the west track, which he had just safely crossed, and the five disconnected cars which were left without any locomotive attached, and with no one in charge of them, in running back down the grade, struck and killed him.

Upon these facts, the jury found that the defendant was guilty of negligence, and that the accident occurred without the fault of the plaintiff's intestate, and rendered a verdict of $5,000 damages, from which the defendant appeals to this court.

*Frank Loomis*, for the appellant.

*Esek Cowen*, for the respondent.

LEARNED, P. J. :

The plaintiff's intestate, under the circumstances, was not a trespasser. He was on the defendants' premises, under an implied license. (*Driscoll* v. *N. and R. Lime and C. Co.*, 37 N. Y., 637.) He was not there, however, by their express or implied invitation.

The man who enters on another's land, along a road laid out and used for access to the house, enters by an implied invitation. The owner assumes an obligation in respect to the safety of the road, an obligation which does not arise from the mere acquiescence of the owner in the use of his land by others. (*Sweeny* v. *Old Colony and N. R. R. Co.*, 10 Allen, 373 ; *Phil. and R. R. R.* v. *Hummell*, 44 Penn., 375.)

In the very important case of *Gillis* v. *Penn. R. R. Co.* (59 Penn., 129), it is said that the owner is not liable to a trespasser, or to one who is on his land by mere permission, or by sufferance, for the negligence of himself or his servants. But that the trespasser, and, more strongly, the person who comes on land by a license, can maintain an action for *wanton* or *intentional* injury inflicted by the owner. That was the case of a person who was injured by the breaking of a platform. The plaintiff was not on the platform as a passenger, but, with others of a large crowd, to see some attractive sight. To the same effect are *Matze* v. *N. Y. C. R. R. Co.* (8 S. C. [1 Hun], 417), and *Nicholson* v. *Erie R. R. Co.* (41 N. Y., 530). But in these two cases the liability is said to be limited to cases of *intentional* injury. I cannot think, however, that the court intended to say that there could not be a recovery for what, in the case of Gillis, is called " *wanton* " injury. Because, in the case of *Driscoll* v. *N. and R. L. and C. Co.*, the plaintiff's intestate was on the defendant's land without right, and the administratrix was allowed to recover, on the ground of the defendant's negligence in not giving notice of a blast. .Thus there was no *intentional* injury. There was what might be held to be *wanton* injury, or injury arising from culpable negligence. In the case of *Kay* v. *Penn. R. R. Co.* (65 Penn., 269), the defendants had leased a lot of land for their side tracks, and had the right to its exclusive possession. By sufferance they had permitted the public to pass over the lot. They detached some cars and sent them around a curve without a brakeman. They were held liable to a person upon that lot, who was run over by these cars. The court say that duties grow out of circumstances ; that culpable negligence is the omission to do that which a reasonable, prudent and honest man would do ; or it is the doing of what such a man would not do ; that if an owner has allowed persons a use of his prop-

erty, tending to produce a belief that it will not be objected to, he is held to exercise his rights in this view, so as not to mislead others to their injury. (See Whart. on Negligence, §§ 811, 389 ; *Brown* v. *Han. and St. J. R. R. Co.*, 50 Mo., 461 ; *B. and O. R. R. Co.* v. *Trainor*, 33 Md., 542.)

It was right, therefore, in the present case, for the plaintiff to prove the long existing custom of crossing the tracks at this place, as indicating an acquiescence therein of the defendants. For having acquiesced in this use, they should exercise their rights, in this view, so as not to mislead others to their injury. It might be a wanton disregard of life to run trains on this part of the track in a manner permissible elsewhere. The foundry of Fuller, Warren & Co. stood close to the defendants' roadway, with doors opening thereon, and workmen (of whom the deceased was one) had been in the habit of crossing and recrossing for many years, and there was a well beaten path.

The defendants' counsel requested the court to charge that the defendants owed no duty to the deceased to set the brakes or otherwise fasten the cars. The court said that he declined, under the circumstances. It is insisted now that this was error, according to the decision in *Nicholson* v. *Erie Railway Company*. But the circumstances in the two cases were different. In that, the cars were left standing, and were started by a violent wind. This was a matter not to be foreseen by the defendants — not to be guarded against. In the present instance, if the theory be correct that the plaintiff was injured by the backward motion of the detached cars, there was no unusual or unexpected cause. No cause existed other than the alleged grade of the road. And if the grade of the road was such that cars would run down by the mere force of gravity, we cannot say, as the court was requested to do, that the defendants owed no duty to the deceased to set the brakes or fasten the cars. In the language already quoted, duties grow out of circumstances ; and as the fact was, that, by the defendants' permission, persons were accustomed to cross the tracks at this place frequently, the defendants were not at liberty to allow cars to run without any one to control them.

The second request to charge was also too broad, and was rightfully refused. The fact that persons had been accustomed to cross

at this place did impose further care on the defendants than if the deceased had been a trespasser. That is, if a person were trespassing on the defendants' track, in an unfrequented place, they would be under no obligation to expect that he would be there. In such a place, running cars without a brakeman would not probably be negligence. But the defendants' duty was modified, when, by their implied consent, persons had been accustomed to go on the track. Although a man be a trespasser, the owner must not injure him by wanton negligence. (*B. and O. R. R.* v. *Trainor ; Driscoll* v. *N. and R. L. and C. Co., ut supra.*) So also as to cattle. (*Isbell* v. *N. Y. and N. H. R. R. Co.*, 27 Conn., 404; *Corwin* v. *N. Y. and E. R. R.*, 13 N. Y., 42.) And it is worth noticing that the general railroad act, while it exempts railroad companies that make and maintain fences from damages for injury to cattle, excepts such as are "negligently or willfully done." Thus, too, in the often cited illustration from the civil law, the man who cuts a limb from a tree is liable, if it falls on one passing along a public or private way, unless he gives warning. But if it falls on one passing where there is no way, the pruner is liable only if he saw the person passing. For he cannot be blamed when he could not guess whether any one would be passing by. (Dig., 9, 2, 31.) This, too, was the doctrine of the case of Driscoll, above cited. And, therefore, it cannot be said that the court erred in charging that the defendants owed the duty that no injury should be done to the deceased, by any negligent act on their part, in the discharge of a lawful duty. What would be negligent would depend, as said in the case of *Kay* v. *Pennsylvania Railroad*, on the circumstances. The case of *Phil. and R. Railroad Company* v. *Hummell* (44 Penn., 375) is some times cited as contrary to these views. But that only holds that the company is not liable to a trespasser, unless want of ordinary care is shown. And that case, with the still more important case of *Gillis* v. *Pennsylvania Railroad*, is reviewed in the very careful opinion delivered in the case of *Kay* v. *Pennsylvania Railroad*. And it is there shown that nothing in these two cases conflicts with the rules laid down in the case last named. And the court, in this present case, expressly charged that if the defendants exercised ordinary care in the management of their cars, the plaintiff could not recover. Whether they did exercise ordinary

care was a question for the jury. And we must further notice that the court charged, that, if the defendants were watchful and had no knowledge of the deceased's presence on the track, they were not bound to take any other than their usual modes to keep the cars in position. It is well pointed out, in the case of *Baltimore and Ohio Railroad Company* v. *Trainor* (*ut supra*), that although a man be a trespasser in going upon the roadway of the railroad, yet that fact is not of itself negligence contributing to the accident, provided the circumstances were not such, when the party went on the track, as to threaten injury, and provided that, being on the track, he did nothing positive or negative to contribute to the immediate injury. The mere going on the track is not of itself negligence. And this is especially true where, by acquiescence for years, the company had permitted, and where the situation of the buildings almost compelled, persons to walk on the roadway.

There is nothing, then, in this case requiring a new trial. The judgment and order should be affirmed.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

JAMES, J., dissented.

Judgment and order affirmed, with costs.