# Cases

# THIRD DEPARTMENT,

AT

# GENERAL TERM,

## December, 1882.

---

DANIEL McDERMOTT, Respondent, *v.* THE NEW YORK
CENTRAL AND HUDSON RIVER RAILROAD COM-
PANY, Appellant.

| 28 | 325 |
| 81 | 158 |

| 28h | 325 |
| 67 AD²214 | |

*Negligence — duty of a railroad company to its lessees and the members of their*
*families, while they are crossing its tracks in order to enter and leave their houses*
*belonging to the company.*

The defendant, a railroad company, owned certain dwelling houses in the city
of Albany, one of which it rented to its employe Patrick Carroll, who had
occupied it for many years. There was no way of entering or leaving the
houses except by passing across the tracks of the defendant's road, and no
particular way or place had been designated for so doing. On a dark night
the plaintiff, who boarded with Carroll, left the house to go to a distant
part of the city; he passed down on the south side of the track, until he
reached a point where the walking became bad, when he attempted to cross
the tracks, in order to reach a good walk upon their north side. While cross-
ing he was struck by the corner of a tender which; it was alleged, was going
to Albany backwards, without any cars and without displaying any light, or
ringing its bell or sounding its whistle, or giving any warning of its approach.
*Held,* that under the circumstances of the case the occupants had a right of way
across the tracks for the purpose of entering and leaving their houses, and that
the defendant was bound to use reasonable care in running its trains over the
place where the injury occurred.

APPEAL from a judgment in favor of the plaintiff, entered upon
the verdict of a jury, and from an order denying a motion for a

new trial, made upon the minutes of the justice before whom the action was tried.

*Samuel Hand,* for the appellant.

*N. C. Moak,* for the respondent.

WESTBROOK, *J.*— The appeal, which is from a judgment rendered upon a verdict recovered by the plaintiff against the defendant for personal injuries at the Albany Circuit of $5,500, presents this question : Did the defendant owe to the persons occupying its dwellings as tenants, and to those making a part of their families, and who were compelled to use its tracks in egress and ingress from such dwellings, any active duty of care in the running of its trains ?

The defendant owned certain dwellings within the limits of the city of Albany, one of which was occupied by Patrick Carroll, and had been so occupied for sixteen. years. The plaintiff, William McDermott, was boarding with him at the time of the accident, and had been so boarding with him for four or five years. Carroll paid rent to the defendant, and both Carroll and McDermott had been in the employ of the defendant as track hands.

There was no way from the house in which Carroll and McDermott resided, except over the railroad track of the defendant, and no particular way had been pointed out as the way to be used.

On the night he was injured, the plaintiff started from Carroll's house to see a brother who, though a resident of Oswego county, was then visiting a sister in Jefferson street, in the city of Albany. He passed, as he alleged, down on the south side of defendant's railroad tracks until he reached a point where the walking became bad, when he undertook to cross the defendant's tracks, using all due care, in order to reach a good walk upon the other side. In crossing he was struck " by the corner of a tender going to Albany." His injuries were very serious and permanent. The engine, the tender of which struck him, was backing towards Albany, and was drawing no cars. It was claimed that the night was dark ; that the engine displayed no light, rang no bell and sounded no whistle, and gave no warning of its approach.

The charge was unexceptionable, as to the care which the plaintiff was bound to exercise, but it is claimed that the judge erred in

charging, 1st. That as the defendant had built the house in which plaintiff boarded, and rented it to Carroll, and had also built and rented other houses at the same place ; that these facts gave to the occupants of these houses a right of way, for ingress and egress from such houses, over its lands ; that, as no particular way had been selected or pointed out by the defendant as the one to be used, the plaintiff could choose his way, but he was bound to exercise care and prudence in so doing and not expose himself to unnecessary danger. 2d. That the defendant was bound to use reasonable care in running its trains over the place where the injury occurred.

That the lessor of property owes to its lessee a right of way, for ingress or egress to and from the property hired, would seem to be too clear to admit of any doubt. While the defendant in this case could have pointed out a way to be used by the occupants of its dwelling, it is also clear that when it did not exercise that privilege it could not, after the occurrence of the accident, defeat a recovery by insisting that such ingress and egress was to be at a particular point never before claimed. Unless the defendant selected the way, each occupant would, as in fact was done, select that which was most convenient and safe to be used, and such selection was lawful and proper. Of the legal rights of the occupants of its dwellings, the defendant is presumed to have been informed, and therefore it knew, that at the point where the injury occurred there was liable to be a human being. Without any elaboration it seems to be clear that the defendant does owe to human beings, who it knows have a right to be, and are liable to be, upon its tracks when it is operating its trains, the duty of "reasonable care." To hold otherwise would be to decide that a party may be willfully careless in doing an act which he knows may put another in jeopardy. This, we think, has never been held, and the contrary principle was decided in *Driscoll* v. *Newark and Rosendale Lime and Cement Company* (37 N. Y., 637). That case holds that a party may be liable for a lawful act done upon his own property, if so done as to jeopard the safety of others whom he may have reason to believe are upon his premises at the time the act is done. That principle controls this case. The defendant was running trains where it knew persons might lawfully be, and it is just and humane to exact, not great or unusual, but "reasonable care" by it in the prosecution of its business at that point.

We see no error in the charge as made, nor in refusing the requests to charge, and the judgment must be affirmed.

Present — LEARNED, P. J., BOCKES and WESTBROOK, JJ.

Judgment and order affirmed, with costs.