REBECCA J. GATES v. J. G. LATTA et al.

*Action for Damages—Blasting Rock—Warning to Passers By—Negligence.*

When a servant in blasting rock failed to cover the blast or take other usual precautions to restrict within safe limits the flight of the blasted rocks, and gave no notice sufficient in time for a person walking on a road near by to retreat from danger, it was negligence in such servant and he and his employer are responsible in damages for injury to such person.

ACTION for damages, tried before *Greene, J.*, and a jury at March Term, 1895 of DURHAM Superior Court. There was a verdict for the plaintiff and from the judgment thereon the defendants appealed. The facts appear in the opinion of Chief Justice FAIRCLOTH.

*Messrs. W. A. Guthrie* and *Boone, Merritt & Bryant,* for plaintiff.

*Messrs. Shepherd, Manning & Foushee,* for defendants (appellants.)

FAIRCLOTH, C. J. : The defendant Latta, as the employee of the defendant Geer, was engaged in blasting rock in his mill race near the public county road, where it crosses the river Eno, and the plaintiff was walking along said road when the injury occurred, about dusk, about 100 or 150 yards from the dam.   When the blast went off a five pound piece of rock struck the plaintiff and broke her arm.   They were each engaged in a lawful business, and the question of negligence depends upon the manner or method in which they exercised their rights.   The burden was upon the plaintiff to prove to the satisfaction of the jury that she was injured, and that she was injured by the negligence of the defendant. And, if contributory negligence is relied upon as a defence in the answer, the burden of proving it to the satisfaction of the jury is upon the party pleading it.   Acts 1887, Chapter 33.   The issues submitted were :

"1. Was the plaintiff injured by the negligence of the defendants or either of them?   Ans.   Yes.

"3. Did the plaintiff by her own negligence contribute to her injury?   Ans.   No.

His Honor instructed the jury that if the defendant set off the blast when it was dusky dark without giving any warning, this would be such negligence on his part as would make the defendants liable.   There was conflicting evidence as to whether the defendants did give an alarm, but, from the verdict on the first issue under the above instruction, we are to take it that no danger-notice was given, and that was assumed as a fact on the argument before us.   Under the facts and circumstances of this case we think it was the duty of the defendant to give notice, and that his failure to do so was negligence.   Sometimes the blast is covered, or by other means the flight of the dangerous parts is restricted within safe limits, and notice is not necessary, but in the absence of such precau-

tions a notice, sufficient in time for those near by to make their retreat to a safe place, is a reasonable requirement. It was so held in *Blackwell* v. *Railroad*, 111 N. C., 151, a case similar to the present, where there is a full discussion of the subject and we refer to it without repeating it. It was conceded on the argument that if the facts and circumstances of this case made it the duty of the defendant to give notice of the blast, then he was liable, and having held that such was his duty we need not further examine the instructions, unless we could find some manifest error calculated to mislead the jury in a material manner, which we do not. The duty of giving the danger notice in similar cases has been held in other States. *Wright* v. *Compton*, 53 Indiana, 337 ; *St. Peter* v. *Nenison*, 58 N. Y., 416 ; 51 Am. Dec., 279, n.

No Error—Affirmed.