The plaintiffs brought two distinct actions for an injury to the feme
plaintiff by reason of the negligence of the defendant in conducting certain blasting operations. The husband sued for the loss of his wife's services. The two actions were consolidated and tried together upon the following issues:
1. Was the defendant negligent, as alleged? Ans. Yes.
2. If so, was the plaintiff Janie Kimberly injured thereby? Ans. Yes. (400)
3. What damage, if any, is plaintiff Janie Kimberly entitled to recover? Ans. $3,500.
4. What damage, if any, is plaintiff T. M. Kimberly entitled to recover? Ans. $700.
From the judgment rendered, defendant appealed.
The defendant excepted to the issues submitted by the Court and tendered the following: 1. Were the injuries alleged in the complaint the immediate, natural and necessary consequences of the alleged blasting? 2. Were the alleged injuries to the plaintiff such as might naturally and probably occur from the alleged negligence, and were they such as should have been in contemplation of the defendant with reasonable certainty? 3. Was the alleged physical injury the natural and proximate result of the alleged fright?
The issues submitted by the Court presented every phase of the case and are such as arise upon the pleadings, and are approved by precedent as appropriate in such cases. The defendant was given the opportunity to present every defense he had and every proposition of law and fact embraced in the issues tendered by him. Not only was he given a fair opportunity to present his views of the law and facts, but the record shows that he did so present them. The issues submitted are also a sufficient basis for the judgment rendered. Wright v. Cotten, 140 N.C. 1; Wilson v. Cotton Mills,140 N.C. 52.
The chief contention made by the learned counsel for the defendant in his argument is that in no view of the evidence can either plaintiff *Page 312 
recover, and, therefore, the motion to nonsuit should have been (401) sustained. As the right to recover anything on the part of the husband is dependent upon the liability of the defendant to the wife, we will consider her case first.
It is contended: 1. That the evidence discloses no negligent act. 2. that the defendant's agents could not have reasonably foreseen the consequences of their acts. 3. That the injury complained of by the wife was the result of fright only, for which no recovery can be had.
The plaintiffs offered evidence tending to prove that defendant was blasting rock with dynamite on the outskirts of the city of Asheville about 100 yards from Charlotte Street and 175 yards from plaintiff's residence, and in close proximity to other houses. A rock from one of the blasts, weighing about 20 pounds, crashed through a portion of plaintiffs' residence. It was further in evidence that defendant's foreman was not an expert blaster, and that a part of the time the blasting was going on he was absent, and that his assistants had but little experience. It was in evidence that the blasts were fired off without being properly "smothered," and that "smothering" is a safe method usually employed in such operations, and that had it been properly done on this occasion the injury to plaintiffs' residence could not well have resulted.
We think the evidence of negligence amply sufficient to have been submitted to the jury. Blackwell v. R. R., 111 N.C. 151. We think, furthermore, that a man of ordinary prudence should have foreseen the probable consequences of blasting with dynamite in such a neighborhood without properly smothering the blast. Persons using such an inflammable and powerful instrumentality as dynamite are charged with knowledge of its probable consequences which they could by reasonable (402) diligence have acquired. The defendant knew he was blasting in a populous neighborhood and that plaintiff's dwelling was nearby. If the evidence offered by plaintiff is to be believed, the workmen were unskilful and the blasts deficiently smothered so as to fail to properly confine their effect. It is true defendant did not know at the time he fired the blast that the feme plaintiff was lying in bed in her home in a pregnant condition, but he or his agents knew it was a dwelling-house and that in well-regulated families such conditions occasionally exist. While the defendant could not foresee the exact consequences of his act, he ought in the exercise of ordinary care to have known that he was subjecting plaintiff and his family to danger, and to have taken proper precautions to guard against it. Gates v. Latta,117 N.C. 189; Watson on Damages, sec. 4; 19 Cyc., 7, and cases cited;Blackwell v. R. R., supra.
The authorities seem to agree that if the tort is wilful and not merely negligent, the wrong-doer is liable for such physical injuries as may *Page 313 
proximately result, whether he could have foreseen them or not. We do not base our decision upon any evidence of a wilful wrong, for there is none. The defendant was engaged in a lawful act, and if prosecuted with due care he would not be liable; and due care means in a case of this sort a high degree of care. We bear in mind the distinction between wilful wrong-doing and those consequences flowing from simple negligence, so clearly stated byMr. Justice Walker in Drum v. Miller, 135 N.C. 208: "In the one case he is presumed to intend the consequences of his unlawful act, but in the other, while the act is lawful, it must be performed in a careful manner, otherwise it becomes unlawful, if a prudent man in the exercise of proper care can foresee that it will naturally or probably cause injury to another, though it is not necessary that the evil result should be, inform, foreseen."
We, therefore, conclude that, while there is no evidence of a wilful wrong, the defendant should have reasonably foreseen (403) the result of his negligence. No human being could foresee the exact form of the injury inflicted, but ordinary prudence could foresee that there was danger to plaintiffs and their household unless the blast was securely confined.
It has been argued in this case by defendant's counsel with much earnestness and ability, backed by most respectable authority, that thefeme plaintiff's injuries, if she sustained any, were the result of fright without any contemporaneous physical injury, and that she cannot recover for them. This brings us to the consideration of a question concerning which there is much conflict among the authorities. We will not undertake to either reconcile or review them. All the courts agree that mere fright, unaccompanied or followed by physical injury, cannot be considered as an element of damage. In a very exhaustive note by Judge Freeman to R. R. v. Hayter, 77 Am. St., 860, all the authorities are collected. But where the fright occasions physical injury, not contemporaneous with it, but directly traceable to it, the courts are hopelessly divided. The testimony offered in behalf of the plaintiffs tends to prove that the wife was lying on her bed heavy with child at the moment the rock crashed through the roof; that although it did not strike her, it greatly shocked her nervous system and nearly caused a miscarriage, and that she has never recovered from the effects of it. If this testimony is believed, the injury to the wife was a physical injury resulting from shock and fright and directly traceable to it. There is much conflict of evidence, but plaintiffs' testimony tends to prove that had not the rock crashed through the roof she would not have endured the nervous physical pain and suffering which has followed. The nerves are as much a part of the physical system as the limbs, and in some persons are very delicately adjusted, and when "out (404) *Page 314 
of tune" cause excruciating agony. We think the general principles of the law of torts support a right of action for physical injuries resulting from negligence, whether wilful or otherwise, none the less strongly because the physical injury consists of a wrecked nervous system instead of lacerated limbs. Injuries of the former class are frequently more painful and enduring than those of the latter. A recent writer on the subject trenchantly says: "To deny recovery against one whose wilful or negligent tort has so terribly frightened a person as to cause his death, or leave him through life a suffering and helpless wreck, and permit a recovery for exactly the same wrong which results, instead, in a broken finger, is a travesty upon justice. The reasoning which can lead to such a result must be cogent indeed if it shall be entitled to respect." Case and Comment, August, 1906. A text-writer of repute says: "The preferable rule on this subject is, in our opinion, that if a nervous shock is a natural and proximate consequence of a negligent act, and physical injuries resulting directly from mental disturbance, there should be a recovery for the anguish of mind and its consequent physical loss, irrespective of contemporaneous bodily hurt." Watson on Damages for Personal Injuries, sec. 405. We think the able Judge who tried this case in the Court below clearly stated the law, as we administer it, when he said: "While fright and nervousness alone do not constitute an injury within the meaning of this issue, if this fright and nervousness is the natural and direct result of the negligent act of the defendant, and if this fright and nervousness naturally and directly causes an impairment of health or loss of bodily power, then this would constitute an injury within the meaning of this issue. There must be an injury, as explained to you, and this injury must have been the natural and direct result of the negligent act of the defendant and one (405) which should have been foreseen by the defendant by the exercise of ordinary care." Watkins v. Mfg. Co., 131 N.C. 537, and cases cited; Bell v. R. R., L. R., 26 Ir.; Purcell v. Railway,48 Minn., 134.
It is contended that the husband has sustained no injury, and as to him the motion to nonsuit should have been allowed. It seems to be well settled that where the injury to the wife is such that the husband receives a separate loss or damage, as where he is put to expense, or is deprived of the society or the services of his wife, he is entitled to recover therefor, and he may sue in his own name. 15 A. E. (2 Ed.), 861, and cases cited. In this case there is no evidence of an outlay of money in medical bills and other actual expenses, and the Court so charged the jury and directed them to allow nothing on the account. His Honor also correctly instructed the jury to allow nothing because of any mental suffering upon the part of the husband. There was, however, evidence as to the loss of the services of the wife, and that the injury *Page 315 
inflicted was of such a character as to deprive the husband of her society, services, aid and comfort. The Court further charged that if the injuries are permanent the husband could also recover such sum as will be a fair compensation for the future diminished capacity to labor on the part of the wife. This instruction we think is correct and supported by authority. 6 Thompson Negligence, secs. 7341, 7342. It is impossible to lay down a rule by which the value of her services and the loss of the wife's society can be exactly measured in dollars and cents. All the Judge can do is to direct the jury to allow such reasonable sum as will fairly compensate the husband therefor under all the circumstances of the case.
We have carefully examined all the exceptions in the record, although we comment only on such as we think proper. The (406) case appears to us to have been well and fairly tried, and we find no reversible error in any of the rulings or instructions of the Court.
No Error.
Cited: Settle v. R. R., 150 N.C. 644; Hunter v. R. R., 152 N.C. 689;Roberts v. Baldwin, 155 N.C. 281; May v. Tel. Co., 157 N.C. 422; Arthurv. Henry, Ib., 440; Garrison v. Machine Co., 159 N.C. 288; Anderson v. R.R., 161 N.C. 466; Hinton v. Hall, 166 N.C. 481.