# Birmingham Ore & Mining Co. v. Grover.

### Damages for Personal Injuries From Blasting.

(Decided Feb. 4, 1909. 48 South. 682.)

1. *Trespass; Injuries From Blasting.*—The throwing of rocks or stones or other debris from blasting, upon the lands of another, constitutes a trespass.

2. *Explosives; Negligence; Burden of Proof.*—A person has a right to use explosives on his own land, and if injury occurs from such use, the burden is on the person injured to show negligence in the use.

3. *Same; Injuries From Blasting; Duty of Using Care.*—Where a person is blasting on his own land and knows, or by the exercise of reasonable diligence, could know that another person is in dangerous proximity, it becomes the duty of the person using the explosive to use means to prevent the throwing off of missiles, or to give warning when the blast is about to be fired, that those near may seek a place of safety.

4. *Same; Action; Pleading.*—In an action for damages resulting in personal injury from blasting, it is necessary to allege that the person in charge of the blasting knew, or had reason to believe, or could by reasonable diligence have known that a person injured was in a position where the missiles from the blasting would probably reach and injure him, although it was not necessary to aver actual knowledge of the proximity of such person at the time.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Charley Grover against the Birmingham Ore & Mining Company for personal injuries caused by blasting. There was judgment for plaintiff, and defendant appeals. Reversed and remanded.

The counts in the complaint are as follows:

"(1) Plaintiff claims of defendant $5,000 as damages, for that heretofore, on, to wit, the 26th day of April, 1907, defendant was engaged in the operation of a certain ore mine at or near, to wit, Helen Bess, in Jefferson county, Ala., and had servants in its employment engaged in blasting in and about the operation of its said business at said mine. Plaintiff avers that on said day there was a spur track extending from the main line of the Louisville & Nashville Railroad Company to or into the said ore mine of defendant, along and over which said spur track raliroad trains were operated by said Louisville & Nashville Railroad Company, for the purpose of transporting ore from said mine of defendant. Plaintiff avers that on said day he was in the employment of the said Louisville & Nashville Railroad Company as a brakeman, and while in said employment as a brakeman on one of said trains operated by said Louisville & Nashville Railroad Company, along and over said spur track, said train was propelled or run into or to said ore mine of defendant for the purpose aforesaid. Plaintiff avers that said ore was loaded upon said train by the agents of the defendant, and that on said day, while said train upon which plaintiff was a brakeman as aforesaid was at said mine, and while plaintiff was engaged in coupling the cars of said train, one or more of the employes or agents of the defendant, who were at the time engaged in working on top of the cut over said place where plaintiff was engaged as aforesaid, made a blast or fired a shot, and a rock or other hard substance was hurled or thrown by said blast or explosion, striking plaintiff on the head

with great force and violence, knocking him down, and rendering him unconscious, whereby, and as a proximate consequence whereof, plaintiff was rendered sore and sick, and was painfully injured, was for a long time rendered wholly unable to work and earn money, was rendered permanently disabled to work and earn money, was put to great expense for medicine, medical care, and treatment in and about his efforts to heal and cure himself, and suffered great mental and physical pain. Plaintiff avers that said servant or servants of defendant were at said time acting within the line and scope of their employment, and that said shot or blast was fired without notice or warning being given to the plaintiff. Plaintiff further avers that he suffered said injury and sustained said damages by reason and as a proximate consequence of the negligence of defendant in suffering or allowing said blast or shot to be made or fired at a time when plaintiff was engaged as aforesaid at said place, without sufficient notice or warning being given as aforesaid. Hence this suit.

"(2) Plaintiff claims of the defendant $5,000 as damages, for that heretofore, to wit, on the 26th day of April, 1907, defendant was engaged in the operation of a certain ore mine in Jefferson county, Ala., and on said day plaintiff, who was at said time in the employment of the Louisville & Nashville Railroad Company as a brakeman, was by consent or invitation of the defendant upon the premises where said ore mine was being operated by defendant as aforesaid. Plaintiff avers that, while upon said premises as aforesaid, a certain blast or explosion or shot was made or fired by some person engaged in and about getting out ore for the defendant at its said mine, and a certain rock, missile, or hard substance was by said blast, explosion, or shot hurled with great force and violence, striking plaintiff upon the head, fracturing his

[Birmingham Ore & Mining Co. v. Grover.]

skull, and inflicting serious and painful injuries, where-by plaintiff was rendered sore and sick. [Here follows catalogue of injuries as stated in count 1.]"

Demurrers were interposed to count 1 as follows: "(1) It shows no breach of duty owing by defendant to plaintiff. (2) It is vague, indefinite, and uncertain. (3) The facts set forth therein, which are averred to constitute negligence upon the part of defendant are insufficient to show such negligence. (4) It is not shown by said count that defendant, or its servants or employees acting within the line or scope of their employment, where chargeable with notice that plaintiff was in danger of being struck by a rock from the blast alleged to have been set off. (5) The facts set forth in said count are insufficient to charge defendant with the duty of warning plaintiff that a blast was about to be fired." The same grounds were assigned to the second count, with the following additional ground: "The facts set forth in said count are insuffcient to show that the blast alleged to have been the cause of plaintiff's injury was fired at an improper time or without sufficient warning."

PERCY & BENNERS, for appellant. The complaint is construed most strongly against the pleader.—*Wood-ward I. Co. v. Cook,* 124 Ala. 349. The complaint was subject to the demurrers interposed.—*H. A. & B. R. R. Co. v. South.,* 112 Ala. 642; *Decatur C. W. & M. Co. v. Mcahaffey,* 128 Ala. 242; *Reiter-Connolly Mfg. Co. v Hamlin,* 144 Ala. 192; *C. E. Co. v. Pryor,* 32 South. 797; 6 Thomp. on Neg. sec. 7453.

STALLINGS & DRENNEN, for appellee. The 1st and 2nd counts are not subject to the demurrers interposed.— *Bessemer C. I. & R. R. Co. v. Doak,* 44 South. 627; *Hayes v. Cohoes Co.,* 51 Am. Dec. 279; *Central I. & C. Co. v.*

*Vandeheurk,* 47 South. 145; *Culberson v. Empire Coal Co.,* 47 South. 237; 19 Cyc. pp. 710; 97 Am. Dec. 761; 53 Am. St. Rep. 584; 45 Am. Rep. 30.

SIMPSON, J.—This suit is by the appellee against the appellant for injuries received from the blasting operations of defendant while the plaintiff was engaged in his employment as a brakeman of the Louisville & Nashville Railroad Company. The first assignment of error insisted on is to the overruling of the demurrer interposed by the defendant to the first count of the complaint. It is urged that, although very general averments of negligence are sufficient, yet, when the pleader undertakes to state facts which are supposed to constitute the negligence, he is limited to the facts set forth, and that the facts set forth in this complaint do not justify the charge of negligence. In the use of explosives it is rocognized that if one, in blasting, throws stones, rocks, or other substances on the land of another, it constitutes a trespass.—*Bessemer Coal, etc., Co. v. Doak,* 151 Ala. 670, 44 South. 631. It is also recognized that a person has the right to use explosives on his own lands with certain precautions, and when an injury occurs thereon the burden is on the plaintiff to show negligence in the use of the explosives.

We understand, from the allegations of this count, that the plaintiff was on the land of the defendant when the injury was received. If a party who is blasting on his own land knows, or has reason to believe, or could by reasonable diligence know, that any one is in dangerous proximity to the place where the blasting is being done, it is the duty of the person in charge of the explosive either to use means to cover the place, so as to prevent the throwing off of material, or to give warning when the blast is about to be made, in order that those in perilous places may seek a place of safety.—*Cameron et al. v.*

*Vandergriff,* 53 Ark. 381, 386, 13 S. W. 1092; *Blackwell v. Moorman & Co.,* 111 N. C. 151, 16 S. E. 12, 17 L. R. A. 729, 729, 732, 32 Am. St. Rep. 786, and note; *Blackwell v. Lynchburg & D. R. R.,* 111 N. C. 151, 16 S. E. 12, 17 L. R. A. 729, 32 Am. St. Rep. 786, 791; *Wright v. Compton,* 53 Ind. 337, 341; *Driscoll v. Newark, etc., Co.,* 37 N. Y. 637, 97 Am. Dec. 761, 763; *Gates v. Latta,* 117 N. C. 189, 23 S. E. 173, 53 Am. St. Rep. 584. " The sufficiency of a complaint, in an action for personal injuries, which undertakes to define the particular negligence which caused the injury, must be tested by the special allegation in that respect, although the general allegation of negligence would, in the absence of such special allegations, be sufficient to make a prima facie case of negligence."—6 Thompson on Negligence, § 7452; *Consumers' Elec., etc., Co. v. Pryor,* 44 Fla. 354, 32 South. 797, 805; *Decatur, etc., Co. v. Mehaffey, Adm'r,* 128 Ala. 242, 253-4, 29 South. 646; *Highland, etc., Co. v. South,* 112 Ala. 642, 650, 20 South. 1003.

While, according to the authorities cited, it is not necessary to aver that the party doing the blasting had actual knowledge of the proximity of the person injured, yet it is necessary to allege that he either knew, or had reason to believe, or could by reasonable diligence have known, that the party injured was in a position where the missiles from the blasting would probably reach and injure him. In this particular said count was demurrable. Consequently the court erred in overruling the demurrer to said first count.

For the same reason the court erred in overruling the demurrer to the second count.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, ANDERSON, and MAYFIELD, JJ., concur.