# Birmingham Realty Co. *v.* Thomason.

### *Damage to Realty From Blasting.*

(Decided May 14, 1912.  Rehearing denied June 19, 1912.
63 South. 65.)

1. *Explosives; Injuries; Pleading.*—The 2nd count of the complaint charging that defendant's servants or agents acting within the scope of their authority, knowing that the blasting would frighten and endanger plaintiff and his family, and damage his property by casting rock thereon, wantonly caused rock or stone to be cast on his premises, was not subject to the objection that it charged wanton injury from conduct which did not amount to wantonness.

2. *Same; Evidence.*—Where the complaint alleged an interference with the right of plaintiff to enjoy his residence in comfort and safety to himself and family, evidence as to the ages of his children was admissible to show the nature and extent of the violation of his right.

3. *Same; Damage.*—A corporation whose servants are blasting under circumstances amounting to a nuisance, is liable for fright, sense of personal danger, and other mental suffering on the part of one whose premises are invaded by stone thrown down by the blast, and not merely nominal damages as in the case of an isolated nuisance.

4. *Nuisance; Blasting; Nature of Injury.*—Where blasting operations have been carried on for a considerable period of time without due precaution for the safety of persons within the danger zone, such operations amount to a nuisance.

5. *Master and Servant; Injuries to Third Persons; Wantonness; Notice.*—Where a complaint against a corporation for injuries caused by blasting alleges wantonness on the part of the servants or agents acting within the line and scope of their employment, it does not become necessary to show knowledge of the corporation or actual participation by it, in the conduct complained of.

6. *Damages; Pleading; Property.*—Where a complaint claims damages for the commission of an injury by blasting, and concludes with

allegation of special damage, the fact that the evidence does not sustain the special damages claimed, does not entitle defendant to the general charge, as such damages as the law implies to have accrued from the wrong complained of may be recovered under the general claim.

7. *Same; Special.*—A specification of damage is required only as to special damages—those of an unusual or extraordinary nature, not the ordinary consequence of the wrong complained of.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by R. E. Thomason against the Birmingham Realty Company for injuries caused by blasting. Judgment for plaintiff, and defendant appeals. Affirmed.

The second count of the complaint is as follows, after alleging the residence of plaintiff and his family, and the location of the garden and outbuildings on the premises: "That the defendant, through its servants and agents, acting within the line and scope of their authority, under their employment by defendant, beginning on, to wit, the 1st day of August, 1907, and on divers other dates since said date, up to and including the present time, has been engaged in blasting stone and other substance near said premises, said servants or agents of plaintiff so acting within the line and scope of their authority under said employment, knowing that the blasting of rock, stone, and other substances near said premises as they were doing would greatly frighten plaintiff and endanger his life, and frighten and endanger the lives of his family, would damage his live stock, gardens, premises, yards, houses, and poultry by casting on plaintiff's said dwelling house, outhouse, stable, lot, garden, and yard, so located on said premises, said rock, stone, and other substances, wantonly caused said rock, stone, or other substances to be cast upon plaintiff's dwelling house, outhouse, stable and lot, garden and yard, so located on said premises, and as a proximate consequence thereof greatly frightening and en-

[Birmingham Realty Co. v. Thomason.]

dangering plaintiff's life as well as plaintiff's family, greatly damaging his live stock, yard, house, premises, and poultry, all to plaintiff's damage," etc.

See, also, 63 South. 67.

LONDON & FITTS, for appellant. The rule of presumption in blasting cases is fully stated in 1 Thomp. on Neg. sec. 770, and *Sheffield S. & I. Co. v. Salser,* 158 Ala. 515. This presumption is rebuttable in the sense that it entirely disappears when the countervailing proof is clear and free from conflict.—*R. R. Co. v. Sanders,* 145 Ala. 449; *C. etc. v. Vanderhunk,* 147 Ala. 546; *Scales v. Edmundson,* 71 Ala. 509. No negligence is averred and none is presumed, the liability existing wholly irrespective of want of care in the blasting under the 1st count.—Authorities supra. Wanton wrong is legal malice.—*R. R. Co. v. Quigley,* 21 How. 214; *Leinkauf v. Morris,* 65 Ala. 176; *Wilkerson v. Searcy,* 71 Ala. 176; *H. A. & B. R. R. Co. v. Robinson,* 125 Ala. 483. The only question is "are you damaged, and how much?" The knowledge which entered into wantonness is never inferred from mere opportunity to know. Actual knowledge not notice is the sine qua non.—*So. Ry. v. Bunt,* 131 Ala. 591; *C. of Ga. v. Freeman,* 134 Ala. 354; *B. R. L. & P. Co. v. Brown,* 150 Ala. 322. The 2nd count was a count in trespass and not in case.—*City Del. Co. v. Henry,* 139 Ala. 161; *R. R. Co. v. Freeman,* 140 Ala. 581; *Freeman v. R. R. Co.,* 154 Ala. 619; *Bessemer v. Doak,* 162 Ala. 168. So unless the 2nd count alleges corporate wantonness, it alleges no wantonness at all.—*Bir. Co. v. Parker,* 156 Ala. 251.

FRANK S. WHITE & SONS, for appellee. The 2nd count was not subject to the criticisms indulged but it properly charged wantonness.—*M. & O. R. R. Co. v.*

*George,* 94 Ala. 214; *Armstrong's Case,* 125 Ala.; *B. R.
L. & P. Co. v. Lee,* 153 Ala. 70; *Same v. Wise,* 149 Ala.
492; *Same v. Selhorse,* 165 Ala. 475; *Same v. Baker,*
132 Ala. 572.    Under the issues made, the age of the
children was admissible in evidence.    The defendant
was not entitled to the general charge.—*Salser v. Sloss-
Sheffield Co.,* 158 Ala. 518; *Bessemer C. & I. Co. v.
Doak,* 152 Ala. 165; 17 L. R. A. 220.    Defendant was
not entitled only to recover damages done his proper-
ty, but also such other damages as naturally flowed
from the wrong done.—*Dowell v. King,* 97 Ala. 635; 86
Ala. 587; 58 Ala. 211; 24 Ala. 130.    The plaintiff was
certainly entitled to nominal damages which robbed de-
fendant of the right to the affirmative charge.—*W. U.
T. Co. v. Dickens,* 148 Ala. 485.    The evidence showed
a trespass and a nuisance.—*Bir. O. & M. Co. v. Groover,*
159 Ala. 276.    Defendant was not entitled to the affirma-
tive charge to the 2nd count.—*Hix v. Swift Creek Co.,*
133 Ala. 425; *L. & N. v. Smith,* 141 Ala. 342; *B. R. L.
& P. Co. v. Nolan,* 134 Ala. 322; *A. G. S. v. Sellers,* 93
Ala.

WALKER, P. J.—We are not of opinion that the
second count of the complaint as amended was subject
to the ground of demurrer to it now relied on by the
counsel for the appellant, which suggested its failure
to allege or show how or in what manner the defendant
(the appellant here) was guilty of wantonness.    As
we construe that count of the complaint with the ad-
dition to its averments made by the amendment, the
wanton conduct complained of is that of the defendant's
employees acting within the line or scope of their em-
ployment.    Their conduct, as it is described in the count
as amended, is shown to have been wanton, as it is plain-
ly averred that they, knowing that the blasting opera-

tions as they were carrying them on for the defendant near the plaintiff's premises, upon which he resided with his family, would greatly frighten plaintiff and endanger his life, and frighten the members of his family and endanger their lives, and would damage his live stock, poultry, garden, yard, and houses, by casting thereon rock, stone, and other substances wantonly caused said rock, stone, and other substances to be cast on plaintiff's dwelling house, outhouses, stable, lot, garden, and yard, and thereby endangered the lives of the plaintiff and his family and damaged his propery. The count was not subject to the criticism that its description of the conduct which it characterizes as wanton fails to show that it was wanton. The pleading was not defective in the respect in which the complaints in the cases referred to in this connection by the counsel for the appellant (*Birmingham Ore Co. v. Grover,* 159 Ala. 276, 48 South. 682, *Southern Railway Co. v. Bunt,* 131 Ala. 591, 32 South. 507) were held to be faulty, because of the failure of their specific averments of the facts relied on to show that the defendant was guilty of the breach of duty averred in general terms as the ground of the plaintiff's right of recovery. In other words, it did not count on wantonness, and at the same time show by its specific averments that the conduct relied on did not amount to wantonness. It shows that what the defendant's employees did, within the line or scope of their employment, was with a knowledge of the hurtful consequences therefrom resulting to the plaintiff, his family, and his property, and with reckless indifference to such consequences. In doing this it sufficiently averred or showed wantonness.—*Montgomery Street Ry. Co. v. Rice,* 142 Ala. 674, 38 South. 857.

The action of the court in permitting the plaintiff to prove the ages of his children is assigned as error. One

of the features of the alleged wrong, as it was specifically complained of, was its result in impairing or interfering with the plaintiff's right to enjoy his place of residence in comfort and safety to himself and the members of his family. Evidence as to what family the plaintiff had and as to the ages of his children was pertinent on the inquiry as to the nature and extent of the violation of his rights in that regard resulting from the conduct complained of. The evidence objected to was appropriate to support averments of the complaint, and no valid ground of objection to it has been pointed out.

The claim that the defendant was entitled to the general affirmative charge, requested in its behalf as to the first count of the complaint as it was amended, is based upon a construction of the averments of that count under which its claim to damages is confined or limited to special damages for frightening the plaintiff and members of his family and endangering their lives; the contention being that there was an absence of evidence tending to prove that the plaintiff sustained the special damages alleged. We do not construe that count as so limiting the plaintiff's claim to damages. It plainly claims the amount of damages sought to be recovered for the commission of the wrong alleged, and concludes with an allegation to the effect that the plaintiff was specially damaged in the respect above mentioned.

Such damages as the law implies or presumes to have accrued from the wrong complained of were recoverable under the general claim of damages made in the first paragraph of that count, which were not required to be specifically set forth; such specification being required only as to damages known as special damages, or such as are of an unusual or extraordinary nature, and not the ordinary consequence of the wrong complained of.

—*Dowdall v. King,* 97 Ala. 635, 12 South. 405; 13 Cyc. 175, 183. The count avers that for more than a year the defendant by its employees had been so conducting its blasting operations near the plaintiff's residence that large quantities of rock and other material were thrown upon his premises, dwelling house, outhouses, yard, and garden, and the evidence offered in support of these averments was to the effect that as results of the blasting large rocks were continually thrown upon the plaintiff's premises, causing injury to the roofs of his residence and barn, to the vegetables in his garden, covering his cattle yard so that they had to be removed to enable his cattle to lie down, many times the flying rocks barely missing the plaintiff's head when he had no notice whatever that a blast was about to be made, etc., etc. It is not supposed that the plaintiff's right to recover general damages for the commission of such a wrong would seriously be denied, except upon the ground that he had failed to claim them. The count in question did not fail to assert such claim. In view of the general demand of damages with which that count commences, the plaintiff's claim to damages asserted in that count cannot be confined to the special damages alleged to have been sustained. The refusal to give the charge in question cannot be held to have been erroneous on the ground suggested.

Error is imputed to the action of the court in refusing to give the general affirmative charge requested in behalf of the defendant as to the second count of the complaint as it was amended, principally upon the ground that there was an absence of evidence of actual participation by the defendant corporation in the wrong complained of. This contention involves the claim that the charge of wantonness made in that count is against the defendant corporation itself. This claim also is bas-

ed upon a construction of the pleading different from that adopted by the court. As has been stated already, we construe that count as charging wantonness on the part of the defendant's employees acting within the line and scope of their employment. It follows that, to sustain the averments of that count, evidence was not required to show knowledge of, or actual participation by, the defendant corporation in the conduct complained of. This statement disposes of the principal ground upon which the ruling in question is assailed, without inquiring whether the evidence of the continuance of the conditions complained of, after the defendant had formal notice through its general manager of the injury and peril in which they involved the plaintiff and his property, was such as to indicate wantonness on the part of the defendant. There is little basis for the claim that the evidence going to show the continuance of the blasting operations in the manner, for the length of time, and involving such a palpable interference with the plaintiff's right to enjoy his place of abode with reasonable safety for himself, his family, and his property, as indicated above, was not such as to furnish support for a reasonable inference that the persons immediately in charge of those operations, and being where they could see what was going on, were aware of the hurtful consequences resulting thereby to nearby premises and their occupants, and acted in such reckless disregard of the consequences as to subject their conduct to the imputation of wantonness.

The charge requested by the defendant to the effect that the plaintiff could not be allowed more than nominal damages was properly refused. Under the allegations and the supporting evidence in the case the blasting operations, as carried on throughout a considerable period of time, without due precautions being taken for

the safety of persons or property within the zone of danger therefrom, amounted to more than an isolated trespass, and assumed the proportions of a nuisance as regards the plaintiff's neighboring premises, involving injury to his property and real or reasonably apprehended peril to himself and to members of his family.—*Birmingham Ore & Mining Co. v. Grover,* 159 Ala. 276, 48 South. 682; *Sloss-Sheffield Steel & Iron Co. v. Salser,* 158 Ala. 511, 48 South. 374; 29 Cyc. 1167.

The commission of such a wrong subjects the wrongdoer to liability for something more than nominal damages, and in assessing damages in such a case account may be taken of and compensation allowed for the fright, sense of personal danger, or other mental suffering shown by the evidence to be the proximate and natural consequence of the repeated trespasses committed under such circumstances.—*Mattingly v. Houston,* 167 Ala. 167, 52 South. 78; *Engle v. Simmons,* 148 Ala. 92, 41 South. 1023, 7 L. R. A. (N. S.) 96, 121 Am. St. Rep. 59, 12 Ann. Cas. 740; *Snedecor v. Pope,* 143 Ala. 275, 39 South. 318; 38 Cyc. 1137.

The assignment of error based upon the action of the court in overruling the defendant's motion for a new trial is sought to be supported by considerations which already have been disposed of adversely to the appellant by what has been said in reference to other assignments of error. We do not find that the appellant has any just ground of complaint against any ruling of the trial court.

Affirmed.