FRED J. WILKINS *vs.* MONSON CONSOLIDATED SLATE COMPANY.

Piscataquis.    Opinion April 15, 1902.

*Negligence.   Estoppel.   Evidence.   Damages.*

In an action to recover damages resulting from rocks thrown upon the plaintiff's land by blasting in defendant's quarry, and injury from water pumped from the quarry, and allowed to flow on plaintiff's land, the defendant asked an instruction that plaintiff having conveyed the premises occupied by the defendant, with knowledge that they were to be opened and used as a quarry, he was estopped from claiming any damages arising from the proper use of the quarry, as a quarry, when carried on in the ordinary, usual and proper business of a slate quarry.

This request was refused, and the jury was instructed that "plaintiff could maintain the action, providing he proves damages, although he sold the land with the understanding that it was to be used as a slate quarry," and that it was not necessary for the plaintiff to prove negligence or carelessness on the part of the defendant. Upon exceptions taken to the refusal to instruct, and to the instruction given, *held;* that the refusal was correct, as was also the instruction given.

Evidence is not admissible to show that, between the date of the writ and the time of trial, rocks had been thrown upon plaintiff's land by defendant.

The plaintiff also claimed to recover for probable future damages, but the court instructed the jury that no damages subsequent to the date of the writ could be recovered. *Held;* that the instruction is correct.

Exceptions by plaintiff and defendant.    Overruled.

Case to recover damages for the injury to the plaintiff's dwelling-house and land, by reason of rocks thrown upon the plaintiff's premises by the use of explosives in blasting in defendant's slate quarry.

The case was tried to a jury, and the plaintiff obtained a verdict. The defendant filed exceptions, the plaintiff also filed exceptions.

The exceptions appear in the opinion.

*H. Hudson,* for plaintiff.

*J. B. Peaks,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

STROUT, J.   This case comes up on exceptions by both parties. It is a suit to recover damages resulting from rocks thrown upon plaintiff's land by blasting in defendant's quarry, and injury from water pumped from the quarry and allowed to flow upon plaintiff's land.   The quarry which lies on the opposite side of the road from plaintiff's residence was conveyed by the plaintiff to defendant's grantor, with knowledge that it was to be used as a quarry.

Defendant's exceptions.   An instruction was asked that plaintiff, having conveyed the premises occupied by the defendant with knowledge that they were to be opened and used as a quarry, he was estopped from claiming any damages arising from the proper use of the quarry as a quarry, when carried on in the ordinary, usual and proper business of a slate quarry.   This request was refused by the presiding justice, who instructed the jury that the plaintiff could "maintain the action, providing he proves damages, although he sold the land to the predecessor in title of the defendant with the understanding that it was to be used as a slate quarry," and that it was not necessary for the plaintiff to prove negligence or carelessness on the part of the defendant.   The defendant excepts to the refusal to instruct, and to the instruction actually given.

The owner has the right to use his property in any manner he pleases, provided such use is lawful and inflicts no injury upon another.   The maxim sic utere tuo ut alienum non lædas, expresses not only the law, but the elements of good neighborhood and mutual right.   The fact that plaintiff granted the quarry, to be used as a quarry, cannot be regarded as conferring a right upon defendant to make an illegal use of the quarry, to his detriment, nor as a release of damages resulting therefrom.   With suitable precautions, blasting can be done in the quarry, without throwing rocks upon plaintiff's premises.   Such noise as necessarily results from blasting, may be supposed to have been considered at the time of the grant, and been an element in making the price.   But the unnecessary throwing of rocks or other debris upon plaintiff's land, cannot be so regarded.

The plaintiff might well rely upon the assumption that defendant would conduct his operations in compliance with law, and with that regard to his rights which the law imposes. The elements of estoppel do not exist upon the facts of this case. *Lyman* v. *B. & W. R. R.*, 4 Cush. 288; *Wilson* v. *New Bedford*, 108 Mass. 261, 11 Am. Rep. 352. The cases of *Vickerie* v. *Buswell*, 13 Maine, 289, and *Francis* v. *B. & R. Mill Corporation*, 4 Pick. 365, cited by counsel, are not applicable to the facts of this case. These principles are elementary. The instructions given were in accordance with them.

Plaintiff's exceptions. The writ bore date January 24, 1900. Plaintiff introduced evidence tending to show that from December first, 1898, to the date of the writ, rocks were blasted from the quarry by defendant, and thrown upon the dwelling-house of plaintiff and upon his land. He also offered evidence to show that between the date of the writ and the time of trial, rocks had been so thrown upon plaintiff's land by defendant, which was excluded, and exception taken. It was claimed that such evidence tended to show that rocks were so thrown prior to the date of the writ,—but this was clearly non sequitur. Evidence of a wrong or trespass of this kind at one time has no legitimate tendancy to prove a like wrong or trespass at some prior time. The offered evidence was clearly inadmissible.

Plaintiff also claimed to recover in this suit not only damages to the date of writ, but probable future damages. The court instructed the jury that no damages subsequent to the date of the writ could be recovered. That this instruction was correct is too plain for argument. Non constat that any more rocks would ever be thrown upon plaintiff's land. The quarry might not be operated, or precautions might be taken to prevent a recurrence of the injury complained of. There was no basis upon which future damages could be assessed. If they occur, it is matter for a subsequent suit.

*Exceptions of plaintiff and of defendant overruled.*