# Sloss-Sheffield Steel & Iron Co. v. Salser.

*Damages for Personal Injury.*

(Decided Jan. 13, 1909. 48 South. 374.)

1. *Pleadings; Consistency of Averment.*—A count is not inconsistent and repugnant, nor does it contain alternate averments, when its allegations are that plaintiff was employed in railroad work near defendant's quarry: that in blasting, defendant used a powerful explosive, and that rock thrown thereby was liable to seriously in-

jure persons struck; that defendant knew, or by reasonable care could have known, that plaintiff or men working with him were near enough to be injured by the blasting rock; that while engaged in his work plaintiff was struck on the head by a rock thrown upon him by defendant's operation, and that his injuries were proximately caused by the defendant negligently using its explosives, or by negligently failing to give plaintiff and the men working under him notice that a blast was to be set off so as to enable plaintiff to escape danger arising therefrom. The expression in the count that the defendant negligently failed to give plaintiff and the men working under him notice that a blast was to be set off, so as to enable him to escape, etc., renders the count not demurrable for insufficiency for failing to allege that the defendant knew or by reasonable care could have known of plaintiff's presence.

2. *Explosives; Personal Injury; Allegations of Complaint.*—A count containing the allegations above set out is not demurrable for failure to allege violation of any duty by defendant to plaintiff, or for failing to charge actionable negligence, or for failing to charge that defendant's employes were acting within the scope of their employment, but shows a violation of duty by defendant to plaintiff, and actionable negligence.

33. *Damages; Personal Injury; Evidence.*—Where it appeared that plaintiff went to defendant's regular physician and had his wound dressed and it further appeared that it was the duty of the physician to look after such patient, that he did not consider the wound serious, and gave plaintiff no instructions about coming again, it was not competent for the physician to state whether, judging from the wound as it first appeared when plaintiff came to see him, it could have been entirely cured if plaintiff had had it treated.

5. *Explosives; Blasting; Injuries; Liability.*—In blasting one is liable for throwing rock upon the lands of another, whether negligently done or not, as it constitutes a trespass, and where the work has been done negligently, liability attaches for personal injury.

5. *Same; Blasting; Duties.*—Persons using blasts should protect persons exposed to danger by covering the blast, or if that cannot be done at reasonable expense, by warning such person, where it is known or by reasonable diligence can become known that injury will probably result from the blasting.

6. *Same; Injury; Jury Question.*—Under the evidence in this case it was a question properly submitted to the jury to determine whether the blasting was done negligently.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by J. E. Salser against the Sloss-Sheffield Steel & Iron Company for personal injuries received from blasting operations. There was judgment for plaintiff, and defendant appeals. Affirmed.

The first, second, and third counts of the complaint were in the following language: (1) "Plaintiff claims

of defendant, the Sloss-Sheffield Steel & Iron Company, a body corporate, $10,000 damages, in this: That on or prior to the 7th day of November, 1906, plaintiff was in the employment of the St. Louis & San Francisco Railroad Company, and at work for said company at or near North Birmingham, Ala.; as foreman of a gang of workmen in repairing a bridge on the Birmingham Belt Line, which was being kept in repair by the St. Louis & San Francisco Railroad Company, where he had a right to be. That plaintiff and said gang of men were working near defendants' lime rock or limestone quarry, where defendant was engaged in blasting rock for use in the furnace plant. That in its blasting operations defendant used a powerful explosive, and at times caused rock to be thrown great distances from its said quarry, with great force and violence, and was liable to seriously injure said persons who should be struck thereby. That defendant knew, or by the exercise of reasonable care on its part could have known, that plaintiff or men working with him in said gang were near enough to said rock or stone quarry, and to where said blasting was being done, to be injured by the thorwing and falling of rock from its blasting operations as aforesaid; and while plaintiff was engaged in his work as aforesaid he was struck violently on the head by a rock or piece of stone, which was thrown or caused to fall upon him by defendant's blasting operations as aforesaid. That plaintiff was by said rock knocked down and rendered unconscious, his head was lacerated, bruised, and contused, and he was otherwise injured. That from his injuries aforesaid he has suffered, and will in the future suffer, great physical pain and mental agony. That the said wound on his head did not effectually heal for a long time, and at intervals will become sore and suppurate, which said condition continued for about six months.

33—8

That he has suffered from said injury constantly and almost continuously, the same causing his head to ache or to cause pain in his head. That he was by said injury caused to lose a great deal of time from his usual vocation and to expend large sums of money for medicine, medical attention, nursing, and proper diet. That he was caused to lose a great deal of sleep, and his rest at night was greatly disturbed. That his earning power was and has been greatly decreased, and will in the future be decreased, and that his physical stamina has been injured and impaired, and he has been made sick, sore, and lame, and that his said injuries are permanent. And plaintiff avers that his said injuries were proximately caused by the negligence of the defendant in the negligent manner in which its blasting operations were conducted as aforesaid."

(2) Same as 1, down to and including the words "and his injuries are permanent," and further stating: "And plaintiff avers that his said injuries were proximately caused by the negligence of the defendant in negligently using its explosives in such quantities as to cause rock or stone to be thrown from its quarry as aforesaid, and to fall on plaintiff as aforesaid, or by negligently failing to give plaintiff and the men working in the gang under him notice of the fact that a blast was to be set off in said quarry, so as to enable plaintiff to escape from the dangers arising therefrom, and because thereof plaintiff was struck and injured as aforesaid."

(3) Same as 1, down to and including the words "and his injuries are permanent," and then alleging: "And plaintiff further avers that his injuries were proximately caused by the negligence of defendant's servants or agents in charge of its blasting operations, in this: That they knew, or by the exercise of reasonable care could have known, that plaintiff and the gang of men working

[Sloss-Sheffield Steel & Iron Co. v. Salser.]

under him were liable to be injured by stone or rock thrown by said blasting operations, and defendant's said servants or agents so in charge of its blasting operations negligently failed to give plaintiff warning that a blast was going to be made immediately before it was made, and because thereof plaintiff did not shelter or protect himself from the throwing or falling of said rock or stone, and because thereof he was struck and injured as aforesaid." .

The following demurrers were filed to the first count: "It does not aver that defendant violated any duty it owed to plaintiff. (2) The facts set forth do not constitute negligence for which defendant is responsible. The facts showing any duty on the part of defendant to plaintiff, which defendant violated, are not set forth." To the second count, the same as to the first, with the following additional: "The averments of said count are inconsistent and repugnant." To the third, the same as to the first and second, with the additional ground that "it does not aver that defendant's servants or agents were acting within the line and scope of their employment as such."

The fourth assignment of error is as follows: "The court erred in sustaining objection to the question propounded by defendant to the witness Dr. Wilder: 'Do you believe, looking at the wound the way it is now, and what you knew of it the time when he first came to see you, do you believe that if he had had it treated, or had gone to see any one after he left you, that it could have been entirely cured?' "

There was judgment for plaintiff in the sum of $750.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court erred in overruling the demurrer to the second count of the complaint as amended.—*Kenney v. Koop-*

*man, et al.,* 116 Ala. 310. Counsel insist that demurrers should have been sustained to the first and third counts as amended. The court erred in sustaining objections to the questions propounded to Dr. Wilder.—*T. & P. Ry. Co. v. White,* 62 L. R. A.; *L. & N. v. Sullivan T. Co.,* 138 Ala. 379; *Strauss v. Meertief,* 64 Ala. 307; *Murrell v. Summers,* 32 Ala. 66. Counsel discuss charges refused, but without citation of authority.

FRANK S. WHITE & SONS, for appellee. The averments of the second count as amended were sufficient.—*A. G. S. v. Johnson,* 128 Ala. 283; *Robison M. Co. v. Tolbert,* 132 Ala. 462; *L. & N. v. Marbury L. Co.,* 125 Ala. 237; *Montgomery St. Ry. v. Armstrong,* 123 Ala. 233; *K. C. M. & B. R. R. Co. v. Flippo,* 138 Ala. 487; *Bessemer L. & I. Co. v. Campbell,* 121 Ala. 50; *L. & N. v. Sullivan Co.,* 138 Ala. 379; 17 L. R. A. 729; 14 L. R. A. 830; 97 Am Dec. 761; 17 Am. Rep. 258; 23 N. Y. 47. Count 1 as amended was sufficient.—Authorities supra. The third count was sufficient.—*Woodward I. Co. v. Herndon,* 114 Ala. 214; *Lampkin v. L. & N.,* 106 Ala. 287; *Postal T. Co. v. Brantley,* 107 Ala. 684; *Orcola L. Co. v. Mills,* 42 South. 1020. The court did not err in sustaining objections to the question to Dr. Wiley.—*Postal T. Co. v. Husley,* 132 Ala. 462; *Thompson v. L. & N.,* 91 Ala. 496. As a hypothetical question it was clearly insufficient.—*Bir. R. & E. Co. v. Jackson,* 136 Ala. 279; *L. & N. v. Landers,* 135 Ala. 511; *Decatur C. W. Co. v. McHaffey,* 128 Ala. 242.

SIMPSON, J.—This action, by the appellee against the appellant, is for damages from an injury received by being struck by a rock, which had been thrown out by blasting operations carried on by the defendant. The first assignment of error insisted upon is to the action of the court in overruling defendant's demurrer to the

second count of the complaint as amended. The averments of said count are not "inconsistent and repugnant," and there is no cause of demurrer raising the ground of alternative averments in the count.

The other ground of demurrer insisted on was not well taken, towit, that it is not alleged that defendant knew, or could by reasonable care have known, of the presence of. the plaintiff. That is covered by the expression that he "negligently failed," etc.—*Robinson Mining Co. v. Tolbert,* 132 Ala. 462, 466, 31 Soutt. 519. There was no error in overruling the demurrer to said count.

The demurrer to the first count as amended was properly overruled. The count states that plaintiff was working near the quarry where the blasting was being done; that defendant knew, or by the exercise of reasonable care could have known, that plaintiff was near enough to be injured by the falling rocks; also that the injuries were causesd "by the negligence of the defendant, in the negligent manner in which its blasting operations were conducted."—*Armstrong v. Montgomery Street Railway,* 123 Ala. 233, 26 South. 349, and cases cited; *Robinson Min. Co. v. Tolbert,* 132 Ala. 462, 31 South. 519.

There was no error in overruling the demurrer to the third count of the complaint.—Authorities supra; *Lampkin v. L. & N. R. R.,* 106 Ala. 287, 17 South. 448; *Woodward Iron Co. v. Herndon, Admr.,* 114 Ala. 191, 214, 21 South. 430.

Referring to the fourth assignment of error, we do not think that the cases holding that an entire failure to use any remedies have any application to this case, in which it is shown that the plaintiff went to the regular physician of the defendant, who dressed his wound, did not consider it serious, gave him no instructions about coming again, and who testified that it was his duty to look after such cases. Moreover, the plaintiff testified that

he did go to see the physician three other times, and did not find him at his office.

The next assignment of error insisted on by the appellant is that the court erred in refusing to give the second charge, towit: "If you believe the evidence, you cannot find for the plaintiff under the first count of the complaint." The argument in favor of this assignment is that, as the said count does not specially complain of the failure to give notice, and there is an entire absence of evidence to show that the manner of blasting was dangerous, the plaintiff could not recover on this count. The rule is laid down that if, in blasting, rocks or stones are thrown upon the adjoining lands of another, the party is liable, without regard to negligence, as it is a trespass upon the premises; also that it is necessarily dangerous in a thickly settled portion of a city, but that in other cases the liability attaches where the work has been done negligently.—1 Thompson on Negligence, § 764; *Bessemer C. & I. Co. v. Doak,* 152 Ala. 166, 44 South. 627, 680, 12 L. R. A. (N. S.) 389.

It is also said that persons blasting, who know, or by reasonable diligence could know, that injury will probably result from the blasting, should protect the parties exposed to danger by covering the blasts, or, if this cannot be done at a reasonable cost, warning must be given so that the parties can seek a place of safety.—*Blackwell, Ex'r, v. Moorman & Co.,* 111 N. C. 151, 16 S. E. 12, 17 L. R. A. 729, 32 Am. St. Rep. 786. We think there was sufficient testimony in this case, from the facts that the rocks were thrown and there was no evidence of any particular precautions, to leave it to the jury to determine whether the blasting was done in a proper or negligent manner.

The judgment of the court is affirmed.

ANDERSON, DENSON, and MCCLELLAN, JJ., concur.