# *Ex Parte* Birmingham Realty Co.

### *Damage for Injury by Explosion.*

(Decided June 30, 1913.   63 South. 67.)

1. *Explosives; Blasting; Injury.*—Where a plaintiff is lawfully on defendant's premises, and is injured by blasting, defendant's liability depends upon some proximate negligence on his part.

2. *Same; Complaint.*—A count which charged that the servants of defendant, acting within the line and scope of their authority, and knowing that the blasting would frighten and endanger the plaintiff and his family, and damage plaintiff's property by casting stones thereon, wantonly caused rocks and stones to be cast upon plaintiff's premises, sufficiently charged a trespass in an action for injuries by blasting.

3. *Same; Damages; Jury Question.*—Although a plaintiff in an action for trespass by blasting fails to prove aggravation entitling him to such damages, yet if plaintiff was entitled to recover, he would still be entitled to compensatory or nominal damages, and hence, defendant was not entitled to have the verdict directed for him.

4. *Trespass; Pleading; Wanton.*—When used in an action for trespass the word "wanton" is not governed by the same rules as when used in an action for negligence, but means simply an invasion of the premises of plaintiff with knowledge of the violation of plaintiff's rights, and of injuries thereby caused.

[Ex Parte Birmingham Realty Co.]

5. *Same; Damages.*—Exemplary damages may be awarded by the jury where a trespass is committed under circumstances of aggravation.

6. *Same; Knowledge of Master; Liability.*—Where fragments of rock are thrown upon adjoining premises as the result of blasting being carried on by the servants of a defendant, which were continued after notice to defendant of the injury thereby caused, it was at least a question for the jury whether defendant instigated the trespass, if it was not shown as a matter of law.

7. *Master and Servant; Liability to Third Person; Trespass.*—A master is liable for the trespasses of his servant which are the natural or probable result of his orders, or which he ratifies.

8. *Adjoining Landowners; Injuries by Blasting.*—Where blasting operations cause rock and other debris to be thrown upon the adjoining premises, it is a trespass for which the one blasting is liable, without regard to any negligence in the manner of blasting, unless the one blasting has acquired an express or implied easement against the other's premises; in the latter event, the one blasting is liable only for negligence.

9. *Same.*—There is no liability to adjoining landowners for the ordinary discomforts and injurious effects of lawful blasting operations on defendant's own premises, not constituting a nuisance, except for negligence in the manner of carrying on such blasting operations.

CERTIORARI to. Court of Appeals.

Certiorari by the Birmingham Realty Company to review the opinion in the Court of Appeals in the case of .the Birmingham Realty Company against R. E. Thomason (8 Ala. App. 535, 63 South. 65). Writ denied.

The Court of Appeals affirmed the judgment of the trial court in this case, and the appellant seeks by writ of certiorari to review that decision. It is complained that under the decisions of this court the Court of Appeals erred in holding the overruling of defendant's demurrer to the second count of the complaint to be without injury, and also for its failure to give the general affirmative charge for defendant.

The second count is as follows, after alleging the residence of plaintiff and his family, and the location of the garden and out-buildings on the premises: "That the defendant, through its servants and agents, acting

within the line and scope of their authority, under their employment by defendant, beginning on, to wit, the 1st day of August, 1907, and on divers other dates since said date, up to and including the present time, has been engaged in blasting stone and other substance near said premises, *said servants or agents of plaintiff so acting within the line and scope of their authority under their said employment, knowing that the blasting of rock, stone, and other substances near said premises as they were doing would greatly frighten plaintiff and endanger his life, and frighten and endanger the lives of his family, would damage his live stock, gardens, premises, yards, houses, and poultry by casting on plaintiff's said dwelling house, outhouse, stable, lot garden, and yard, so located on said premises, said rock, stone, and other substances,* wantonly caused said rock, stone, or other substances to be cast upon plaintiff's dwelling house, outhouse, stable and lot, garden and yard, so located on said premises, *and as a proximate consequence* thereof greatly frightening and endangering plaintiff's life as well as plaintiff's family, greatly damaging his live stock, yard, house, premises, and poultry, all to plaintiff's damage," etc.   (The portion inserted by amendment is underscored.)

LONDON & FITTS, for appellant.   The rule of presumption in blasting cases is fully stated in 1 Thomp. on Neg. sec. 770, and *Sheffield S. & I. Co. v. Salser,* 158 Ala. 515.   This presumption is rebuttable in the sense that it entirely disappears when the countervailing proof is clear and free from conflict.—*R. R. Co. v. Sanders,* 145 Ala. 449; *C., etc. v. Vanderhump,* 147 Ala. 546; *Seales v. Edmundson,* 71 Ala. 509.   No negligence is averred and none is presumed, the liability existing wholly irrespective of want of care in the blasting under the first

count.—Authorities supra. Wanton wrong is legal malice.—*R. R. Co. v. Quigley,* 21 How. 214; *Leinkauf v. Morris,* 65 Ala. 176; *Wilkerson v. Searcy,* 71 Ala. 176; *H. A. & B. R. R. Co. v. Robinson,* 125 Ala. 483. The only question is "are you damaged, and how much?" The knowledge which entered into wantonness is never inferred from mere opportunity to know. Actual knowledge, not notice, is the sine qua non.—*So. Ry. v. Bunt,* 131 Ala. 591; *C. of Ga. v. Freeman,* 134 Ala. 354; *B. R. L. & P. Co. v. Brown,* 150 Ala. 322. The second count was a count in trespass and not in case.—*City Del. Co. v. Henry,* 139 Ala. 161; *R. R. Co. v. Freeman* 140 Ala. 581; *Freeman v. R. R. Co.,* 154 Ala. 619; *Bessemer v. Doak,* 162 Ala. 168. So unless the second count alleges corporate wantonness, it alleges no wantonness at all.—*Bir. Co. v. Parker,* 156 Ala. 251.

FRANK S. WHITE & SONS, for appellee. The second count was not subject to the criticisms indulged but it properly charged wantonness.—*M. & O. R. R. Co. v. George,* 94 Ala. 214; *Armstrong's Case,* 125 Ala.; *B. R. L. & P. Co. v. Lee,* 153 Ala. 70; *Same v. Wise,* 149 Ala. 492; *Same v. Selhorst,* 165 Ala. 475; *Same v. Baker,* 132 Ala. 572. Under the issues made, the age of the children was admissible in evidence. The defendant was not entitled to the general charge.—*Salser v. Sloss-Sheffield Co.,* 158 Ala. 518; *Bessemer C. & I. Co. v. Doak,* 152 Ala. 165; 17 L. R. A. 220. Defendant was not entitled only to recover damages done his property, but also such other damages as naturally flowed from the wrong done.—*Dowdell v. King,* 97 Ala. 635; 86 Ala. 587; 58 Ala. 211; 24 Ala. 130. The plaintiff was certainly entitled to nominal damages which robbed defendant of the right to the affirative charge.—*W. U. Co. v. Dickens,* 148 Ala. 485. The evidence show-

ed a trespass and a nuisance.—*Bir. O. & M. Co. v. Groover*, 159 Ala. 276.   Defendant was not entitled to the affirmative charge as to the second count.—*Hix v. Swift Creek Co.*, 133 Ala. 425; *L. & N. v. Smith*, 141 Ala. 342; *B. R. L. & P. Co. v. Nolan*, 134 Ala. 322; *A. G. S. v. Sellers*, 93 Ala.

SOMERVILLE, J.—The law of liability for injury resulting from blasting on one's own premises is well settled.

1. Where the plaintiff is injured while lawfully on the defendant's premises, liability depends upon some proximate negligence on the part of the defendant.— *Sloss-Sheffield, etc., Co. v. Salser*, 158 Ala. 511, 48 South. 374; *Birmingham, O. & M. Co. v. Grover*, 159 Ala. 276, 48 South. 682.

2. For the ordinary discomforts and injurious effects attendant upon the defendant's lawful operations on his own premises, not constituting a legal nuisance, there is no liability to an adjoining or neighboring proprietor except for some proximate negligence in the mode or circumstances of such operations.—*Williams v. Gibson*, 84 Ala. 228, 233, 4 South. 350, 5 Am. St. Rep. 368.

3. Where the defendant throws rock or other debris upon the premises of an adjoining or neighboring proprietor, this is a direct invasion and a trespass for which the defendant is absolutely liable, regardless or any considerations of prudence or negligence in the mode or circumstances of the blasting.—*Bessemer, etc., Co. v. Doak*, 152 Ala. 166, 44 South. 627, 12 L. R. A. (N. S.) 389; *Sloss-Sheffield, etc., Co. v. Salser*, 158 Ala. 511, 48 South. 374; *Birmingham O. & M. Co. v. Grover*, 159 Ala. 276, 48 South. 682; 38 Cyc. 997; 1 Thomp. Neg. (2d Ed.) § 764.

4. This general rule of liability is qualified by the principle that, where the defendant has by law or contract acquired an easement as against the plaintiff's premises, which expressly or impliedly authorizes the operation of blasting, either directly or as a reasonably necessary incident to some other lawful purpose, liability arises only as the result of some proximate negligence on the part of the defendant.—*Wilkins v. M. C. Slate Co.*, 96 Me. 385; 52 Atl. 755; *Blackwell v. L. & D. R. R. Co.*, 111 N. C. 151, 16 S. E. 12, 17 L. R. A. 729, 32 Am. St. Rep. 786; 27 Cyc. 784, b; 1 Thomp. Neg. § 766. See, also, *Williams v. Gibson*, 84 Ala. 228, 232, 4 South. 350, 5 Am. St. Rep. 368; *Hooper v. Dora Coal Mining Co.*, 95 Ala. 235, 10 South. 652; *L. & N. R. R. Co. v. Higginbotham*, 153 Ala. 334, 344, 44 South. 872.

In the instant case the complaint avers and the evidence shows a direct invasion of plaintiff's premises, occupied by himself and family, by blasting done on defendant's premises, whereby fragments of rock of a dangerous size were hurled against the dwelling house and about the curtilage.

Defendant's insistence is that the Court of Appeals has overrun the decisions of this court in several particulars: (1) In construing the second count of the complaint as one in case; (2) in holding that defendant corporation is liable *in trespass* for the alleged acts of its servants; and (3) that wantonness is not shown and cannot be inferred from the facts in evidence. These theories of the case are presented by defendant's request in writing for the general affirmative charge on the second count, refused by the trial court.

Conceding, without deciding, that the second count is for a trespass by the defendant corporation itself, within the rule of *City Delivery Co. v. Henry*, 139 Ala. 166,

34 South. 389, we find in the action of the Court of Appeals nothing not in harmony with the decisions of this court or with the general principles of the law. "A master is liable if a trespass is the natural and probable result of orders given by him to his servant, or if he ratifies a trespass committed by his servant or agent."—38 Cyc. 1040.

It cannot be declared, as matter of law, that the hurling of these fragments of rock upon plaintiff's premises was not the natural and probable result of defendant's blasting carried on in close proximity thereto. And certainly, if it was continued by the company after knowledge of its injurious results through notice to its general manager, the question of the company's direct instigation of the trespasses complained of was at least a question for the jury, if it was not foreclosed against the company as a matter of law.

When a trespass is committed under circumstances of aggravation, exemplary damages may be awarded by the jury. "Exemplary damages may be given when the act was oppressive, or when the act was committed with violence, or rudely, or with excessive force, or under circumstances of insult and outrage, * * * or in known violation of the law, or forcibly and against protest."—38 Cyc. 1144-1146, and cases cited.

The word "wanton," when used in a trespass complaint to characterize conduct set up by way of aggravation merely, is not governed by the rules of pleading applied to the same word when used in negligence counts. As here used, we think it imports no more than that the rocks were thrown on plaintiff's premises with a knowledge of the violation thereby of plaintiff's rights and of the injurious results therefrom, and there was evidence to support that charge.

But, even if the charge of aggravation failed of proof, plaintiff would still have been entitled under this count to recover compensatory or nominal damages, and defendant's requested instruction should have gone to the elimination of exemplary damages, and not to a denial of any recovery at all.

The grounds of demurrer assigned to the second count were upon the theory, now denied, that the count is in case, and that it alleges that defendant's *servants* caused the rocks to be thrown. But, overlooking this infirmity of the demurrer, the count sufficiently charges a trespass, and the demurrer was properly overruled.

We find nothing in the decision of the court of appeals which ought to be corrected here, and the writ of certiorari will be denied.

Writ denied. All the Justices concur, except DE GRAFFENRIED, J., not sitting.