**CODELL–OMAN CONSTRUCTION COM-
PANY, Appellant,**

v.

**John L. SORENSEN et al., Appellees.**

**No. 17913.**

United States Court of Appeals
Fifth Circuit.

Jan. 13, 1960.

James E. Clark, London, Yancey, Clark & Allen, Birmingham, Ala., for appellant.

William H. Mills, L. Drew Redden, Rogers, Howard & Redden, Birmingham, Ala., for appellees.

Before HUTCHESON, TUTTLE and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

Appellant here complains of a verdict and judgment in favor of two home owners who successfully sought compensation for damages to their homes allegedly caused by blasting activities of appellant. ■ Like Republic Steel Corp. v. Peoples, 5 Cir., 217 F.2d 236, this is an Ala-

bama case. The standard of care required of one engaged in blasting operations is therefore determined by Alabama law.

In all essential respects the facts giving rise to this action are similar to those in the Republic Steel case. Appellant here contends that a similar result— a directed verdict for the defendant for failure to establish negligence under the Alabama standard—must follow. Appellees, on the other hand, point to the testimony of an expert witness which they say fills the void in the proof of negligence commented on by us in the Republic case, and justified the trial court's submission of the case to the jury. They also cite Alabama Supreme Court decisions as modifying the standard of negligence.

It is not disputed by appellants that there was sufficient evidence to warrant the jury's finding of the following state of facts: During several months the appellant was engaged in blasting in an area approximately a half mile from appellees' homes; certain structural damages occurred as a result of this blasting; the owners of the residences telephoned the office of the appellant repeatedly to protest, talked with a woman employee who said the matter would be given attention, but no person representing appellant ever viewed the property or communicated with the appellees; the appellant set up oscillographs and a "pin test" which they considered ample to determine whether blast shocks were being transmitted to too great a distance; the appellant could have accomplished its job with less blast effect by using smaller charges of explosives.

■ After having proved so much of their case, appellees put their witness Pate on the stand and qualified him as having been engaged for fifteen years in blasting work. Pate testified without adequate objection [1] as follows:

"Q. * * * If you were involved in such a situation and were conduct-

---

1. Counsel asked whether he needed to state the grounds of his objection and

the court replied that he did not need to do so. If counsel wish to preserve for

ing blasting activities and received word from a property owner that your blasting was damaging that property owner's property and you had further blasting to perform after that; state to the jury what you would do in an effort to prevent further damage?

\*   \*   \*   \*   \*   \*

"A. The first thing I would do if I got a complaint I would go myself when I was going to put off the next blast and stand at the nearest residence and if there was too much concussion I would cut down on my loads on the rest of my holes where my blasts would not cause so much concussion."

Further Pate testified as follows:

"Q. Then would it be your judgment that you could in any instance where damage was going on in homes as much as a half-a-mile away by the concussion of your blasts that you could eliminate that damage by reducing the amount of your charge and drilling holes closer together? A. Absolutely.

"Q. And would that eliminate it and stop—I withdraw that, and ask you this. In your judgment, as a person with the experience that you have detailed in blasting would it be a reasonable and necessary thing for you to do in order to prevent further damage to the complaining property owner?

\*   \*   \*   \*   \*   \*

"A. Yes, sir, I have always did it. I never got a law suit over it yet."

In dealing with the same state of facts in the Republic Steel case, supra, we pointed out that no one testified as to any standard of care that was deemed necessary to prevent the injuries except witnesses for the defendant, all of whom testified to the reasonableness of the conduct of the defendant. In that case we stated the Alabama law and its application to the proof of that case:

"Under the law of Alabama which is controlling under the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, it is clear that one conducting blasting operations on his own land is liable to an adjoining or neighboring proprietor in trespass for any injury resulting from casting rocks or other debris on such adjoining land, regardless of any prudence or negligence in the mode or circumstances of the blasting. But, as to any injury as may result from one's lawful operations on his own premises, not constituting a legal nuisance there is no liability to an adjoining or neighboring proprietor except for some proximate negligence in the mode or circumstances of such operation. Ex parte, Birmingham Realty Co., 183 Ala. 444, 63 So. 67.

"In the instant proceeding, there is no substantial evidence that the defendant was negligent in and about its blasting operations or that the blasting operations were the proximate cause of any damages to plaintiffs' premises. Plaintiffs readily concede that the Alabama law requires evidence of the blasting being negligently done but maintain that they can only prove such negligence by the effect of the blasting on the residential structures. On the basis of this premise it is argued that evidence that the structures were undamaged before the blasting took place and evidence that the damage appeared after the blasting occurred 'would not only tend to

our consideration an error in the admission of testimony the ground of the objection must be stated. Doubtless counsel thought it unimportant that the question here put and answered was technically subject to objections as asking Pate

what *he* would do, rather than what in his opinion an ordinarily prudent person would do, because counsel knew the question, when re-phrased, would bring substantially the same answer.

exclude the reasonable probability of the damage occurring in any other way, but would naturally support the inference that the damaging condition in the structures was due to the negligent blasting of appellant.' We cannot follow this reasoning, which at best is not legalistic. The doctrine of res ipsa loquitur has no place in actions of this type. The burden is on the plaintiffs to show * * * further that such negligence directly contributed to the result. Mere proof that the residential structures were damaged by blasting would not alone sustain the actions.. It must further appear that the defendant company in using explosives, violated a duty owing by it to the plaintiffs in respect to their property or failed to exercise due care. Wrong and damage must concur to create a cause of action." Republic. Steel Corp. v. Peoples, 217 F. 2d 236, 237, 238.

█ Giving to the testimony of Pate the meaning that the jury was authorized to give to it, we conclude that there was evidence in this record from which the jury could find appellant failed to meet the standard of care that a reasonably prudent person would adopt in such a situation. We need not consider whether the latest Alabama decisions in this field have cast doubt on the correctness today of our statement in the Republic Steel case that "the doctrine of res ipsa

loquitur has no place in actions of this type." In Ledbetter-Johnson Company v. Hawkins, 267 Ala. 458, 103 So.2d 748, 750, the court repeated the rule as we announced it in the Republic Steel case by saying:

"There is no liability, unless it is shown that the work was done negligently and that the injury was the result of negligence, and not the result of blasting according to the usual methods and with reasonable care."

Nevertheless in that case when the absence of any proof of negligence was asserted in a motion for rehearing, the court held that testimony that if damage was done to property "it would be because it was not being done properly, was done in a negligent manner," [2] was sufficient proof of negligence to take the case to the jury. In other words the witness was permitted to testify that the causing of the damage by the blasting raised a presumption of negligence. There was no other proof of negligence in that case or in Ledbetter-Johnson Co. v. Black, 268 Ala. 151, 105 So.2d 448, which followed it and which reaffirmed its holding. Although this is not, of course, the same as holding that proof of damage from blasting gives play to the doctrine res ipsa loquitur, the practical effect is much the same because the burden of proving negligence was permitted to be discharged by the mere assertion of an expert witness that the

2. This evidence is set out in full as follows:

"Q. Now, then, I will ask you, based on the knowledge that you have of that particular chert pit and your knowledge and experience you have had in this kind of work, if it is not your opinion that chert can be shot down in this pit up here by using dynamite or other explosives without there being anything dangerous about it, if it is properly done?

"(Plaintiff's objection overruled.)

"A. Yes, sir, it can be done.

"Q. If any damage was done to anyone's property in the obtaining of chert from this pit by the use of dynamite, or other explosives, it would be because it was not being done properly, was done in a negligent manner?

"A. Yes, sir, that is true.

"Q. That is the only way anyone's property could be damaged?

"A. Yes, sir.

"Re-Direct Examination.

"Q. If an explosion was set off in the chert pit that jarred windows out of a house around it, and it shook houses, and cracked rock houses around the pit, would that be an indication that the charge was in excess, or negligently exploded?

"A. It was an indication that it was improperly done.

"Q. It would indicate that it was improperly done, wouldn't it?

"A. Yes, sir."

103 So.2d 748, 752.

damage would not have occurred but for the negligent act of the blaster.

■ We think the proof here is sufficient to warrant the submission of this case to the jury under the Alabama law as we construed it in the Republic Steel case. Nevertheless, since a decision of a federal court in a diversity case has value as a precedent in subsequent federal court cases in the same state only until there is a change in the statute or decisional law in the state, we consider it appropriate to mention these two Alabama decisions subsequent to the Republic Steel decision as possibly liberalizing the nature of proof required to establish a case of liability in blasting damage cases.

The judgment is affirmed.