NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

LOCAL 60, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL-CIO, Indianapolis and Central Indiana District Council, United Brotherhood of Carpenters and Joiners of America, AFL-CIO, and United Brotherhood of Carpenters and Joiners of America, AFL-CIO, Respondents.

No. 12710.

United States Court of Appeals Seventh Circuit.

June 15, 1961.

Stuart Rothman, Gen. Counsel, William J. Avrutis, Atty., N. L. R. B., Washington, D. C., for petitioner.

William A. McGowan, Indianapolis, Ind., for respondents.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

The National Labor Relations Board found that respondents had violated the National Labor Relations Act, §§ 8(b) (1) (A) and 8(b) (2), as amended, 29 U.S.C.A. § 158(b) (1) (A) and 8 (b) (2), as amended, 29 U.S.C.A. " 158(b) (1) (A), (2), in maintaining and enforcing agreements with Mechanical Handling Systems, Inc., which establish-

2. Stark v. Great Atlantic & Pacific Tea Co., 1926, 102 N.J.L. 694, 133 A. 172 (failure to inspect).

ed closed shop preferential hiring conditions and which caused Mechanical Handling Systems, Inc. to refuse to employ two applicants from another local of the same national union because they did not get referral approval from the respondent local.

The Board's Order included the following provision:

"As we find that dues, non-membership dues, assessments, and work permit fees, were collected under the illegal contract as the price employees paid in order to obtain or retain their jobs, we do not believe it would effectuate the policies of the Act to permit the retention of the payments which have been unlawfully exacted from the employees. 122 N.L.R.B. 396."

Respondents argued that the evidence failed to show any dues, assessments, or fees had been exacted under the agreements found to be unlawful and that all such fees had been paid voluntarily. This Court held that [273 F.2d 703]:

" * * * the record does support the Board's finding that such fees were coerced in that there was present an implicit threat of loss of job if those fees were not paid."

further held:

" * * * reimbursement of fees to be a proper and appropriate remedy to restore employees to the position they would have enjoyed but for the illegal practices."

and directed enforcement of the Board's order. 273 F.2d 699.

The Supreme Court granted Writ of Certiorari [363 U.S. 837, 80 S.Ct. 1610, 4 L.Ed.2d 1723] in which the refund provision alone was challenged. The majority of the Supreme Court held that [365 U.S. 651, 81 S.Ct. 877]:

"Where no membership in the union was shown to be influenced or compelled by reason of any unfair practice, no 'consequences of violation' are removed by the order compelling the union to return all dues and fees collected from the mem-

bers; and no 'dissipation' of the effects of the prohibited action is achieved. * * * The order in those circumstances becomes punitive and beyond the power of the Board."

The judgment of this Court was reversed, and the cause remanded to this Court for proceedings in conformity with the opinion of the Supreme Court.

Accordingly, this Court hereby revokes that part of its prior judgment which granted the Board's petition for enforcement of its Order with respect to the provision for refund of fees, dues, and assessments collected from members.